**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ELIAS SAMUEL MOPOSITA MALIZA,** | **Civil Action No. 26-3170 (SDW)** |
| **Petitioner,** | |
| **v.** | **ORDER** |
| **PAMELA BONDI, et al.,** | |
| **Respondents.** | |

This matter comes before this Court on Petitioner Elias Samuel Moposita Maliza's petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and Respondents' answer in opposition (ECF No. 6). For the reasons set forth in the accompanying Opinion filed herewith,

**IT IS** on this ___1st___ day of_____April_____, 2026

**ORDERED** that the Petition at ECF No. 1 is **GRANTED.** Respondents shall **IMMEDIATELY** release Petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire; and it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted

or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release and that the conditions set forth above have been satisfied; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that any future detention or re-detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that to the extent that Respondents seek to re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is further

**ORDERED** that the motion for a temporary restraining order at ECF No. 2 is **DISMISSED AS MOOT**; and it is finally

2

**ORDERED** that the Clerk shall **CLOSE** this case.

Hon. Susan D. Wigenton,
United States District Judge